McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ANTHONY CARLOS VALENCIA,<br><br>　　　　　　　Defendant. | Case No: 1:20-cr-00048 NONE/SKO<br><br>**STIPULATION TO CONTINUE MAY 18, 2020 STATUS CONFERENCE TO JUNE 29, 2020; ORDER**<br><br>Hon. Sheila K. Oberto |

　　　　This case is set for a status conference on May 18, 2020.  On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.

　　　　Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

1

*Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.

2

for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Peter M. Jones, counsel for defendant Anthony Carlos Valencia ("defendant"), that this action's **Monday, May 18, 2020 status conference be continued to Monday, June 29, 2020, at 1:00 p.m.**  The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause.  Specifically,

1. The government has thus far provided 105 pages of discovery to defense counsel.  This discovery includes investigative reports, parole and criminal history records, search warrant documents and information about defendant.  Defense counsel continues with his review and analysis of these items.

2. Within the past week and a half, counsel for both parties have discussed the extent supplemental discovery would be forthcoming.  Counsel for the government advised defense counsel that he would contact the lead agent in the case to determine the extent that more materials would be forthcoming, and further advised that he would check his own case files to ensure that all discovery in-hand was already Bates stamped and produced.  In light of COVID-19, counsel for the government has had limited opportunities to review his file cabinets at work since mid-March.  He expects to be able to next access his work files for a limited time during the weekend of May 9-10, 2020.  Accordingly, counsel for the government is still in the process of determining the extent supplemental discovery exists and will be produced to the defense.

---

Cal. March 18, 2020).

3

3. Pursuant to directives located within the Adam Walsh Act, the above discovery did not include imaged copies of electronic devices/storage media that contain child pornography. Accordingly, in order for the defense to complete its review of all of the evidence underlying the government's charge in the indictment, it will need access to imaged copies of any such device/storage media containing this contraband, whether through an expert or other member of the defense's legal team.  Counsel for the government will assist with arranging the logistics of this review at Homeland Security Investigations, likewise in accord with the Adam Walsh Act.

4. However, in light of the current (and spreading) COVID-19 pandemic, counsel for the government learned on April 3, 2020 from separate computer forensics analysts at Homeland Security Investigations (who respectively work at the Bakersfield and Fresno offices) that the ability of HSI offices throughout the Eastern District of California is currently diminished and delayed in light of this pandemic.  The government will continue to assist the defense with arranging for the logistics attendant to any defense request to analyze the electronic evidence supporting the charge in this case.

5. The parties therefore stipulate that the period of time from May 18, 2020, through June 29, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

///

///

IT IS SO STIPULATED.

Dated: May 5, 2020                             MCGREGOR W. SCOTT
                                               United States Attorney


                                        By:   /s/ BRIAN W. ENOS
                                               BRIAN W. ENOS
                                               Assistant United States Attorney


                                               (*As authorized 5/5/20*)

Dated: May 5, 2020                      By:   /s/ Peter M. Jones
                                               Peter M. Jones, Esq.
                                               Attorney for Defendant
                                               Anthony Carlos Valencia


### **O R D E R**

IT IS ORDERED that the status hearing currently set for May 18, 2020, at 1:00 pm is continued until June 29, 2020, at 1 pm.

IT IS FURTHER ORDERED THAT the period of time from May 18, 2020, through June 29, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **May 5, 2020**                       /s/ *Sheila K. Oberto*
                                               UNITED STATES MAGISTRATE JUDGE

5