McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No: 1:20-cr-00048 NONE/SKO |
|---|---|
| Plaintiff, | **STIPULATION TO CONTINUE JUNE 29, 2020 STATUS CONFERENCE TO AUGUST 31, 2020; ORDER** |
| v. | Ctrm:   7 |
| ANTHONY CARLOS VALENCIA, | Hon. Sheila K. Oberto |
| Defendant. | |

This case is set for a status conference on June 29, 2020. On April 17, 2020, this Court issued General Order 617, which suspended all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19. On May 13, 2020, this Court issued General Order 618, which superseded General Order 617 and extended the court's "judicial emergency for an additional one-year period and suspending the time limits [in criminal cases] of 18 U.S.C. § 3161(c) until May 2, 2021."

///

1

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

///

///

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Peter M. Jones, counsel for defendant Anthony Carlos Valencia ("defendant"), that this action's **Monday, June 29, 2020 status conference be continued to Monday, August 31, 2020, at 1:00 p.m.**  The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause.  Specifically,

1. The government has thus far provided written discovery to defense counsel.  This discovery includes investigative reports, parole and criminal history records, search warrant documents and information about defendant.  Defense counsel continues with his analysis of these items.

2. Pursuant to directives located within the Adam Walsh Act, the above discovery did not include imaged copies of electronic devices/storage media that contain child pornography.  Accordingly, in order for the defense to complete its review of all of the evidence underlying the government's charge in the indictment, it may need access to imaged copies of any such device/storage media containing this contraband, whether through an expert or other member of the defense's legal team.  Counsel for the government will assist with arranging the logistics of this review at Homeland Security Investigations, likewise in accord with the Adam Walsh Act.

///

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

3

3. In light of the current (and spreading) COVID-19 pandemic, however, counsel for the government learned last April from separate computer forensics analysts at Homeland Security Investigations (who respectively work at the Bakersfield and Fresno offices) that the ability of HSI offices throughout the Eastern District of California was diminished and delayed in light of the pandemic.  Within the past couple of weeks, however, counsel for the government learned that HSI's ability to accommodate defense reviews of electronic evidence in accord with the Adam Walsh Act had improved.  The government will assist the defense with arranging for the logistics attendant to any defense request to analyze the electronic evidence supporting the charge in this case, and will endeavor to ensure that this review is completed prior to the next status conference.

4. Within the past week, counsel for both parties have discussed the extent a plea offer from the government would be forthcoming.  Counsel for the government advised defense counsel that the government should be able to provide a written plea offer to the defense within the next couple of weeks.

5. The parties therefore stipulate that the period of time from June 29, 2020, through August 31, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within

///
///
///
///

4

1 | which a trial must commence.

3 | IT IS SO STIPULATED.

5 | Dated:  June 19, 2020                                                MCGREGOR W. SCOTT
                                                                                          United States Attorney

7 |                                                                              By:   /s/ BRIAN W. ENOS
                                                                                          BRIAN W. ENOS
8 |                                                                                      Assistant United States Attorney

10 |                                                                              (*As authorized 6/19/20*)

11 | Dated: June 19, 2020                                        By:   /s/ Peter  M. Jones
                                                                                          Peter M. Jones, Esq.
                                                                                          Attorney for Defendant
12 |                                                                                      Anthony Carlos Valencia

5

**O R D E R**

IT IS ORDERED that the status hearing currently set for June 29, 2020, at 1:00 pm is continued until August 31, 2020, at 1pm.

IT IS FURTHER ORDERED THAT the period of time from June 29, 2020, through August 31, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **June 19, 2020**                               /s/ *Sheila K. Oberto*
                                                         UNITED STATES MAGISTRATE JUDGE