McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ANTHONY CARLOS VALENCIA, <br><br> Defendant. | Case No: 1:20-cr-00048 NONE/SKO <br><br> **STIPULATION TO CONTINUE AUGUST 31, 2020 STATUS CONFERENCE TO OCTOBER 19, 2020;  ORDER** <br><br> Ctrm:   7 <br><br> Hon. Sheila K. Oberto |

This case is set for a status conference on August 31, 2020.  On April 17, 2020, this Court issued General Order 617, which suspended all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date after June 1.  This and previous General Orders were entered to address public health concerns related to COVID-19.  On May 13, 2020, this Court issued General Order 618, which superseded General Order 617 and extended the court's "judicial emergency for an additional one-year period and suspending the time limits [in criminal cases] of 18 U.S.C. § 3161(c) until May 2, 2021."

1

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit much more enduring, barrier to the prompt proceedings mandated by the statutory rules.

///

///

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Peter M. Jones, counsel for defendant Anthony Carlos Valencia ("defendant"), that this action's **Monday, August 31, 2020 status conference be continued to Monday, October 19, 2020, at 1:00 p.m.**  The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause.  Specifically,

1. The government has thus far provided written discovery to defense counsel.  This discovery includes investigative reports, parole and criminal history records, search warrant documents and information about defendant.  Defense counsel continues with his analysis of these items.

2. Pursuant to directives located within the Adam Walsh Act, the above discovery did not include imaged copies of electronic devices/storage media that contain child pornography.  Accordingly, in order for the defense to complete its review of all of the evidence underlying the government's charge in the indictment, it may need access to imaged copies of any such device/storage media containing this contraband, whether through an expert or other member of the defense's legal team.  On this end, the defense has hired an expert for the purpose of examining contraband located on any electronic devices underlying the charge in this case.  Both parties have since commenced arranging for the logistics of the defense's forensic review of this action's electronic evidence with the appropriate Special Agent at Homeland

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

Security Investigations' Bakersfield Office, likewise in accord with the Adam Walsh Act.

3. Within the past week, counsel for both parties have discussed the extent a plea offer from the government would be forthcoming. Counsel for the government advised defense counsel that the government should be able to provide a written plea offer to the defense within the next week, and regardless of whether the above-referenced forensic examination of electronic evidence has been formally scheduled or completed.

4. The parties therefore stipulate that the period of time from August 31, 2020, through October 19, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: August 24, 2020                                MCGREGOR W. SCOTT
                                                     United States Attorney

                                              By:    /s/ BRIAN W. ENOS
                                                     BRIAN W. ENOS
                                                     Assistant United States Attorney

                                                     (*As authorized 8/26/20*)

Dated: August 26, 2020                        By:    /s/ Peter M. Jones
                                                     Peter M. Jones, Esq.
                                                     Attorney for Defendant
                                                     Anthony Carlos Valencia

4

**O R D E R**

IT IS ORDERED that the status hearing currently set for August 31, 2020 at 1:00 pm is continued until October 19, 2020, at 1pm.

IT IS FURTHER ORDERED THAT the period of time from August 31, 2020, through October 19, 2020, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **August 26, 2020**                                  /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE