McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      v.<br><br>ANTHONY CARLOS VALENCIA,<br><br>             Defendant. | Case No: 1:20-cr-00048 NONE/SKO<br><br>**STIPULATION TO CONTINUE DECEMBER 16, 2020 STATUS CONFERENCE TO FEBRUARY 3, 2021;  ORDER**<br><br>Ctrm:    7<br><br>Hon. Sheila K. Oberto |

    This case is set for a status conference on December 16, 2020. Dkt. 26. On April 17, 2020, this Court issued General Order 617, which suspended all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19. On May 13, 2020, this Court issued General Order 618, which superseded General Order 617 and extended the court's "judicial emergency for an additional one-year period and suspending the time limits [in criminal cases] of 18 U.S.C. § 3161(c) until May 2, 2021."

1

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit much more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

2

justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for this matter's next status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Peter M. Jones, counsel for defendant Anthony Carlos Valencia ("defendant"), that this action's **Wednesday, December 16, 2020 status conference be continued to Wednesday, February 3, 2021, at 1:00 p.m.**  The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause.  Specifically,

1. After the production and review of discovery this past summer, the parties began substantively discussing the parameters of a potential resolution of this case in advance of trial.  On this end, counsel for the government prepared and delivered a written plea offer to the defense in October 2020.

2. Defendant is currently in custody within the Lerdo Detention Facilities in Kern County.  In light of issues stemming from the current COVID-19 pandemic, Lerdo has imposed quarantine-related and other access-restricting protocols in an effort to stem the spread of the virus.  As a result, arranging for in-person meetings with inmates has proven difficult.

3. Prior to substantively responding to the government's plea offer, defense counsel is working to arrange to meet with defendant to discuss its terms and defendant's response to the same.  In light of the sensitive nature of the charges in the indictment, defense counsel is working toward arranging for this meeting in as confidential a manner as possible.

4. After meeting with defendant, defense counsel may need to confirm the application of relevant sentencing enhancements by arranging for a review of electronic evidence (1)

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

containing contraband and (2) within the government's possession, pursuant to relevant provisions of the Adam Walsh Act (18 U.S.C. § 3509(m)).  On this end, counsel for the government will work with the defense and agents at Homeland Security Investigations' Bakersfield Office to promptly arrange for the review of this evidence as necessary.  If the parties are able to agree to the terms of a plea agreement prior to the continued status conference, they will contact the court in an effort to schedule a change of plea hearing.

5. The parties therefore stipulate that the period of time from December 16, 2020 through February 3, 2021 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

6. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  December 7, 2020                                     MCGREGOR W. SCOTT
                                                             United States Attorney

                                                        By:  /s/ Brian W. Enos
                                                             Brian W. Enos
                                                             Assistant United States Attorney

                                                             (*As authorized 12/8/20*)

Dated: December 8, 2020                                 By:  /s/ Peter M. Jones
                                                             Peter M. Jones, Esq.
                                                             Attorney for Defendant
                                                             Anthony Carlos Valencia

4

**O R D E R**

IT IS ORDERED that the status hearing currently set for December 16, 2020, at 1:00 pm is continued until February 3, 2021, at 1pm.

IT IS FURTHER ORDERED THAT the period of time from December 16, 2020, through February 3, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv)  because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **December 8, 2020**                        /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE