McGREGOR W. SCOTT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:20-cr-00048 NONE/SKO |
| Plaintiff, | **STIPULATION TO VACATE FEBRUARY 3, 2021 STATUS CONFERENCE AND SET FEBRUARY 11, 2021 CHANGE OF PLEA HEARING; ORDER** |
| v. | |
| | Ctrm: 7 |
| ANTHONY CARLOS VALENCIA, | Hon. Sheila K. Oberto |
| Defendant. | |

This case is set for a status conference on February 3, 2021. Dkt. 30. On April 17, 2020, this Court issued General Order 617, which suspended all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allowed district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19. On May 13, 2020, this Court issued General Order 618, which superseded General Order 617 and extended the court's "judicial emergency for an additional one-year period and suspending the time limits [in criminal cases] of 18 U.S.C. § 3161(c) until May 2, 2021."

Although the General Orders address the district-wide health concern, the Supreme Court has

1

emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit much more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

2

justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for this matter's next court appearance, a change of plea hearing before the district court. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and Peter M. Jones, counsel for defendant Anthony Carlos Valencia ("defendant"), that this action's **Wednesday, February 3, 2021 status conference be vacated and that a change of plea hearing be set for Thursday, February 11, 2021, at 10:30 a.m. in Courtroom 4**.  The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause.  Specifically,

1. This past summer, and after the production and review of discovery, the parties began to substantively discuss the parameters of a potential resolution to this case in advance of trial. The government sent a plea offer in the form of a written plea agreement to the defense in October 2020.

2. Defendant is currently in custody within the Lerdo Detention Facilities in Kern County. Despite the logistical hurdles imposed by the COVID-19 pandemic, defense counsel was able to arrange to meet with defendant to discuss the terms of the government's plea offer and defendant's response to the same.  Defendant and counsel for both parties have since signed the plea agreement, and a fully executed plea agreement was filed on December 22, 2020. Dkt. 29.  The parties have since communicated with the court regarding the identification of available dates by which to hold the change of plea hearing.  Pursuant to these communications, the parties have identified Thursday, February 11, 2021 as a date wherein

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

3

both the parties and the court are available to participate in this hearing.

3. The parties therefore stipulate that the period of time from February 3, 2021 through February 11, 2021 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.  In addition, time resulting from the Court's consideration of a proposed plea agreement to be entered into by the defendant and the Government is likewise excludable under the Speedy Trial Act.  18 U.S.C. § 3161(h)(1)(G).

IT IS SO STIPULATED.

Dated:  January 20, 2021                                          MCGREGOR W. SCOTT
                                                                                      United States Attorney


                                                                            By:   /s/ Brian W. Enos
                                                                                      Brian W. Enos
                                                                                      Assistant United States Attorney


                                                                                  (*As authorized 1/20/21*)

Dated: January 20, 2021                               By:      /s/ Peter  M. Jones
                                                                                      Peter M. Jones, Esq.
                                                                                      Attorney for Defendant
                                                                                      Anthony Carlos Valencia

**O R D E R**

IT IS ORDERED that the status hearing currently set for February 3, 2021 at 1:00 pm is vacated, and a change of plea hearing shall be set to take place in Courtroom 4 on Thursday, February 11, 2021, at 10:30 a.m. before District Judge Dale A. Drozd.

IT IS FURTHER ORDERED THAT the period of time from February 3, 2021, through February 11, 2021, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(1)(G), 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that: (1) the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and (2) the court is considering the proposed plea agreement to be entered into by the defendant and the Government.

IT IS SO ORDERED.

Dated:   **January 20, 2021**                               /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE